# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOREEN D. DWYER,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 15-00887-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On February 6, 2015, Doreen D. Dwyer ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on May 26, 2015. On October 29, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 60-year-old female who applied for Social Security Disability Insurance benefits on February 1, 2012, alleging disability beginning February 1, 2012. (AR 13.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 1, 2012, the alleged onset date. (AR 15.)

Plaintiff's claim was denied initially on May 14, 2012. (AR 13.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Anthony R. Smereka on August 15, 2013, in Livonia, Michigan. (AR 13.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 13.) Vocational expert ("VE") Helen F. Topcik also appeared and testified at the hearing. (AR 13.)

The ALJ issued an unfavorable decision on September 25, 2013. (AR 13-22.) The Appeals Council denied review on December 10, 2014. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ failed to properly evaluate Ms. Dwyer's testimony after December 2012.
2. Whether the ALJ properly evaluated Dr. Varas' examining opinion.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since February 1, 2012, the application date and the alleged onset date of disability. (AR 15.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: osteoarthritis of the cervical and lumbar spine, carpal tunnel syndrome, and trigger finger of the right ring finger. (AR 15-17.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 17.)

The ALJ then found that Plaintiff has the RFC to perform light work, as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> Claimant is limited to no work involving hazards, including no work at unprotected heights or around dangerous or moving machinery, and no climbing of ladders, ropes or scaffolds. Claimant is limited to no constant handling or fingering.

(AR 17-21.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 18.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a gate attendant. (AR 21-22.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 22.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence and properly discounted Plaintiff's subjective symptom allegations. The ALJ's light work RFC is supported by substantial evidence.

**I.  THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

Plaintiff contends that the ALJ improperly rejected the opinion of the consulting examiner, Dr. Ricardo Varas. The Court disagrees.

**A.  Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence

in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot

6

by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

Plaintiff alleges disability due to constant low back and neck pain with radiation into the upper and lower extremities, and hand and finger pain, swelling and numbness. (AR 18.) Claimant reports an inability to sit for more than one hour at a time, stand for more than 30 minutes at a time, or walk more than a block at a time. (AR 18.) The ALJ found that Plaintiff has the severe impairments of osteoarthritis of the cervical and lumbar spine, carpal tunnel syndrome, and trigger finger of the right ring finger. (AR 15.) Nonetheless, the ALJ assessed a light work RFC limited to no constant handling or fingering. (AR 17.)

Plaintiff contends that the ALJ did not properly evaluate the opinion of the internist consulting examiner, Dr. Ricardo Varas, who expressed standing limitations in limiting Plaintiff to work that would not require too much weight-bearing. (AR 20, 392-395.) The ALJ's RFC is based on the opinion of Dr. Nancy Gwon, who opined that Plaintiff could sit for 6 hours in an eight hour workday as long as she is able to change positions as needed with normal break periods. (AR 20.) These opinions are not consistent. Plaintiff contends the ALJ erred in rejecting Dr. Varas's opinion and in relying on Dr. Gwon's opinion. The Court disagrees.

Dr. Varas reported Plaintiff's allegations of back arthralgias, arthritis of hands, hip bursitis, and bony spurs on the back. (AR 392.) He found her positive for back pain, hip pain, and hand pain. (AR 393.) She was working part-time as a tour bus driver and had no limitations driving or going out shopping. (AR 393.) Plaintiff claimed that she was unable to stand more than 10 minutes at a time, walk more than 50 minutes, or sit longer than 2 hours. (AR 393.) Nonetheless, Plaintiff was in no acute distress, with normal ambulation, and her ability to get on and off the exam table, up and out of a chair, and tie and untie her shoes was normal. (AR 393.) Her gait was normal. (AR 394.) Dr. Varas found normal range of motion for her elbow, wrist, shoulder, cervical and lumbar spine, hip, knee, and ankle. There was

1  some paraspinal tenderness and mild to moderate left and right greater trochander tenderness.
2  (AR 394.) Dr. Varas diagnosed "[c]hronic lower back pain with bilateral hip pain with hip
3  osteoarthritis with bursitis history," and musculoskeletal exam abnormal. (AR 395.) He
4  complained about the lack of MRIs and x-rays, which were not available to him, and which he
5  said would be nice for further decision on the case. (AR 392, 395.) He concluded, "Because of
6  hand osteoarthritis and because of hip osteoarthritis and lower back pain, ideally this patient
7  should work in a kind of job that does not require too much weight-bearing." (AR 395.)

8        The ALJ found that Dr. Varas's opinion was only "somewhat consistent" with the other
9  medical evidence revealing hand, lumbar, and cervical dysfunction. (AR 20.) He gave it "only
10 some weight . . . limited to the extent consistent with the findings of this decision." (AR 20.)
11 Overlooked by Plaintiff is the medical evidence supporting the ALJ's finding that her hip bursitis
12 impairment was non-severe. (AR 16.) The ALJ cited Dr. Varas's opinion that Claimant had
13 normal hip flexion, internal and external rotation, and abduction with only minimal tenderness.
14 (AR 16.) The ALJ's finding, and Dr. Varas's findings as well, that Plaintiff's hip bursitis was
15 non-severe is inconsistent with Dr. Varas's opinion about weight-bearing. The ALJ also relied
16 on Dr. Varas as well as other evidence in concluding that Plaintiff's hand pain was minimal with
17 normal range of motion, and thus limited to no constant handling or fingering with the bilateral
18 upper extremities. (AR 18-19.) The ALJ further found Claimant's left shoulder impingement to
19 be not severe. (AR 15-16.)

20       The ALJ found that Dr. Varas was provided no diagnostic evidence for review. (AR 20.)
21 This fact plainly undermines Dr. Varas's work assessment, for two reasons. First, the Ninth
22 Circuit gives limited weight to an opinion based on a one time examination without review of
23 medical records. Reddick v. Chater, 157 F.3d 715, 727 (9th Cir. 1998). Second, Dr. Varas
24 himself noted that his findings were per patient's history. (AR 392.) Because Dr. Varas relied
25 on the patient's statements instead of diagnostic evidence, his opinion lacks weight when, as
26 here, Plaintiff's credibility has been discounted, as discussed below. See Tonapetyan v. Halter,
27 242 F.3d 1144, 1149 (9th Cir. 2001) (a treating physician's opinion based on subjective
28 complaints of a claimant whose credibility has been discounted can be properly disregarded).

Plaintiff does not discuss the impact of the ALJ's adverse credibility finding on the weight to be given Dr. Varas' opinion.

The ALJ next found that Dr. Varas's weight-bearing opinion is "rather vague and fails to specifically address the Claimant's functional limitations." (AR 20.) Dr. Varas says Plaintiff should work in a job that does not require "too much" weight-bearing, but fails to specify how long Plaintiff can sit, stand and walk, making it difficult to discern how long Plaintiff can be in weight-bearing or standing position. As already noted, Dr. Varas's opinion is contrary to other medical evidence (hip bursitis impairment non-severe), not based on diagnostic evidence, and undermined by Plaintiff's discounted subjective symptoms on which Dr. Varas relied for his opinion. Plaintiff argues that the ALJ had a duty to recontact Dr. Varas to clarify his "vague" opinion, but his opinion was lacking in diagnostic evidence, which is why it was vague. The ALJ's duty to develop the record further is only triggered when the evidence is ambiguous or the record is inadequate for proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). As noted herein, the record was not inadequate for the ALJ to reach a decision on whether Plaintiff was disabled, after rejecting Dr. Varas' weight-bearing assessment.

Further evidence against Dr. Varas's work assessment is Dr. Gwon's opinion that Plaintiff can stand for six hours in an eight hour day. (AR 20.) Plaintiff claims that Dr. Gwon's opinion cannot override an examining physician's opinion, but Dr. Gwon's non-treating, non-examining opinion may serve as substantial evidence when the opinion is consistent with independent clinical findings or other evidence of record. Thomas, 278 F.3d at 957. As already noted, the ALJ found Plaintiff's hip bursitis to be non-severe. (AR 16.) The ALJ also noted that, despite reports of worsening neck and low back pain, Plaintiff received substantial treatment and her primary care physician made physical examination findings of normal range of motion of the back and extremities, and noted no sensory or motor deficits. (AR 20.) The ALJ did not err in relying on Dr. Gwon's opinion.

Plaintiff disagrees with the ALJ's interpretation of the evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where

the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected Dr. Varas's weight-bearing opinion for specific, legitimate reasons supported by substantial evidence.

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS

Plaintiff contends that the ALJ erred in discounting her subjective symptom allegations. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 18.) The

ALJ, however, also found that Claimant's statements regarding the intensity, persistence and limiting effects of these symptoms are "not entirely credible." (AR 18.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d at 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptom allegations were inconsistent with the objective medical evidence and the ALJ's RFC. (AR 21.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms, so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the ALJ considered Plaintiff's allegations of left shoulder impingement, hip bursitis and hip pain, abdominal pain, and respiratory problems, and found each of these impairments as non-severe. (AR 15-17.) The ALJ also considered Plaintiff's allegations of hand pain and found only a limitation to no constant handling or fingering with the bilateral upper extremities. (AR 18-19.) As already noted, the ALJ found mild to moderate degenerative changes in Plaintiff's neck and back, but normal range of motion of the back extremities and no sensory or motor deficits. (AR 20.) Because of some pain and swelling in the low back, the ALJ assessed a light work RFC with avoidance of workplace hazards, no work at unprotected heights or around dangerous or moving machinery, and no climbing of ropes, ladders, or scaffolds. (AR 19-20.)

Second, the ALJ found that Plaintiff's daily activities are inconsistent with disabling limitations, which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. Here, the ALJ noted Claimant's ability to care for her personal needs independently, prepare meals, do housework and laundry, mow the lawn, drive a car, and shop for groceries. (AR 20.) She also worked as a part-time bus driver until December 2012, well after the February 1, 2012, alleged onset date. (AR 20, 15.) Plaintiff alleges these activities do not mean she can work, but they do suggest that her functional limitations are not as severe as alleged. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009). Plaintiff contends that the ALJ's findings are based on an April 10, 2012, Adult Function Report and that her

symptoms worsened after December 14, 2012. The evidence of Plaintiff's daily activities is nonetheless relevant in view of Plaintiff's alleged onset date of February 1, 2012. The ALJ, moreover, took into account reports of worsening neck and back pain but still found normal range of motion and pain and swelling that would permit light work. (AR 20.)

Plaintiff obviously disagrees with the ALJ's adverse credibility decision, but again it is the ALJ who has the responsibility to resolve ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ properly discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: November 30, 2015          */s/ John E. McDermott*
                                  JOHN E. MCDERMOTT
                                  UNITED STATES MAGISTRATE JUDGE